1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10

11 | JAMES SNEDDON,                          )   Civil No. 05-CV-2374-L(JMA)
                                             )
12 |                   Plaintiff,            )   **ORDER GRANTING**
                                             )   **DEFENDANT'S MOTION FOR**
13 | v.                                      )   **SUMMARY JUDGMENT [doc. #15]**
                                             )   **and DIRECTING THE CLERK OF**
14 | ABF FREIGHT SYSTEMS,                     )   **THE COURT TO ENTER**
                                             )   **JUDGMENT**
15 |                   Defendant.            )
                                             )
16 | _____        )

17        Defendant moves for summary judgment or in the alternative, for summary adjudication.

18 The motion has been fully briefed and the Court finds this matter suitable for determination on

19 the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

20                              **Summary Judgment Standard**

21        Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment on

22 factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327

23 (1986).  Summary judgment is appropriate "if the pleadings, depositions, answers to

24 interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

25 genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

26 of law." FED. R. CIV. P. 56(c).  A fact is material when, under the substantive governing law, it

27 affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986);

28 *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

05cv2374

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party does not have the burden of proof at trial, it may carry its initial burden by "produc[ing] evidence negating an essential element of the nonmoving party's case, or, after suitable discovery, the moving party may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000). When the moving party bears the burden of proof on an issue — whether on a claim for relief or an affirmative defense — the party "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in its favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986); *see S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

If the moving party fails to discharge its initial burden of production, summary judgment must be denied and the court need not consider the nonmoving party's evidence, even if the nonmoving party bears the burden of persuasion at trial. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970); *Nissan Fire*, 210 F.3d at 1102-03. When the moving party carries its initial burden of production, the nonmoving party cannot "rest upon mere allegation or denials of his pleading." *Anderson*, 477 U.S. at 256. Rather, the non-movant must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *Anderson*, 477 U.S. at 256; *Nissan Fire*, 210 F.3d at 1103.

A "genuine issue" of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). When ruling on a summary judgment motion, the court cannot engage in credibility determinations or weighing of the evidence; these are functions for the jury. *Anderson*, 477 U.S. at 255; *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). The court must view the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in favor of the non-

05cv2374

1  movant.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Gibson v.*

2  *County of Washoe, Nev.*, 290 F.3d 1175, 1180 (9th Cir. 2002), *cert. denied*, 537 U.S. 1106

3  (2003).  The court is not required "to scour the record in search of a genuine issue of triable

4  fact," *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996), but rather "may limit its review to

5  the documents submitted for purposes of summary judgment and those parts of the record

6  specifically referenced therein."  *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026,

7  1030 (9th Cir. 2001).

## Factual Background

9  In April 2001, James Sneddon ("plaintiff" or "Sneddon") was hired as Outbound

10  Supervisor at an ABF Freight System ("defendant" or "ABF") trucking terminal.

11  When Sneddon was hired, he was 59 years old and had over 30 years of experience in the freight

12  industry.  Although plaintiff was first employed at the ABF Pico Rivera, California terminal, he

13  was transferred, at his request, to the ABF Chula Vista, California terminal.  Sneddon was

14  supervised by Bob Ramsey, Gary Boots, and Jeff McNabb ("McNabb") during the time that he

15  worked at the Chula Vista terminal.  McNabb was plaintiff's supervisor at the time of his

16  employment termination.

17  As Outbound Supervisor, plaintiff was responsible for staffing and supervising the crew

18  responsible for loading trucks, ensuring that the goods loaded into the trucks were secure so as to

19  protect the goods from damage, packing the trucks to maximize volume and weight, and routing

20  trucks for efficient and claim-free transit.  (Sneddon Dep., at 29; McNabb Decl. at ¶ 6).

21  Defendant contends that there are two critical aspects of plaintiff's position: increasing load

22  average and reducing damage claims.  (McNabb Decl., ¶ 8).  Defendant argues that despite

23  coaching and reminders from his supervisor, McNabb, plaintiff failed to improve in these critical

24  areas and accordingly, McNabb terminated plaintiff's employment on April 11, 2005.  Plaintiff

25  asserts that his termination was not the result of his poor performance but rather was because of

26  his age.  On July 29, 2005, plaintiff filed a charge of age discrimination with the California

27  Department of Fair Employment and Housing ("DFEH").

28  Plaintiff's Complaint alleges age discrimination in violation of California Government

05cv2374

Code section 12940, *et seq.*; breach of express promise not to terminate except for cause; breach of the implied covenant of good faith and fair dealing; tortuous termination in violation of public policy; and violation of Government Code section 12940(i)

**Discussion**

1.   **Age Discrimination**

    a.   ***Prima facie* case**

California has adopted the three-stage burden-shifting test established by the United States Supreme Court for trying claims of discrimination under FEHA.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  Under this test, plaintiff must first present a *prima facie* case.  If plaintiff makes a *prima facie* showing, a presumption of discrimination arises, requiring the employer to come forward with evidence "that its action was taken for a legitimate, nondiscriminatory reason." *Guz v. Bechtel Nat., Inc.*, 24 Cal. 4th 317, 355-56 (Cal. 2000).  "If the employer sustains this burden, the presumption of discrimination disappears.  The plaintiff must then have the opportunity to attack the employer's proffered reasons as pretexts for discrimination, or to offer any other evidence of discriminatory motive." *Id.*, 24 Cal. 4th at 356 (citations omitted).

Sneddon's *prima facie* case for his age discrimination causes of action requires him to demonstrate four elements: (1) he was a member of a protected class, (2) he was performing competently in his position, (3) he suffered an adverse employment action, and (4) some circumstance that suggests a discriminatory motive.  *Id.*, 24 Cal. 4th at  355; *Deschene v. Pinole Point Steel Co.*, 76 Cal. App.4th 33, 44 (1999)(disability discrimination).  An age discrimination claim also requires that plaintiff show he was replaced by a substantially younger person. *Reeves v. Sanderson Plumbing Products Inc.*, 530 U.S. 133, 142-143 (2000) ; *Begnal v. Canfield & Associates, Inc.*, 78 Cal. App.4th 66, 73 (2000).  It is well settled that demonstrating a *prima facie* case presents only a minimal burden.  *See St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506 (1993).

Sneddon alleges age discrimination in violation of Fair Employment and Housing Act ("FEHA").  Government Code section 12940, subdivision (a), makes it an unlawful employment

practice to discriminate based on age.  As noted above, a plaintiff alleging age discrimination bears the initial burden of establishing a *prima facie* case. *Guz*, 24 Cal. 4th at 354.  Defendant contends that plaintiff cannot establish a *prima facie* case because he was not competently performing his job as Outbound Supervisor when his employment was terminated.

Although, as noted above, demonstrating that a *prima facie* case has been made is a minimal burden, plaintiff must come forward with some showing that his work was being performed in a competent manner.  To demonstrate he was performing competently, plaintiff relies on his 2002 and 2003 performance reviews that show both "meets or exceeds exp[ectations]" and "needs improvement" ratings but no "unacceptable performance" ratings in contrast with his 2004 review that contains 17 "unacceptable performance" ratings.  (Exh. B, C and D, Defendant's Appendix of Exhibits).  Plaintiff contends that the earlier reviews show he was performing his work competently.  But the number of "needs improvement" ratings in 2002 and 2003 suggests that plaintiff's performance needed significant improvement even during those years.  Moreover, the earlier ratings of "meets or exceeds exp[ectations]" in some categories does not demonstrate that plaintiff's performance was necessarily adequate or competent in 2004.  Additionally, the "needs improvement" ratings plaintiff received over the years of his employment consistently included areas that were of particular concern to ABF and McNabb in deciding to terminate plaintiff's employment:  loadings (2003), claim prevention (2002, 2003) and productivity (2002, 2003, 2004).

Having reviewed the evidence presented, plaintiff has not established a *prima facie* case on his age discrimination claims.  The undisputed evidence demonstrates that Sneddon was not performing his job competently prior to his termination.

### b.    Legitimate, non-discriminatory rationale

Nevertheless, if the Court were to assume plaintiff has set forth a *prima facie* case of age discrimination, the burden would shift to defendant to show that it had a legitimate, non-discriminatory reason to terminate plaintiff's employment.

ABF first points to plaintiff's performance reviews between 2002-2004 to show that plaintiff's work was progressively worsening to the point where his performance was

05cv2374

1   unacceptable for continuing employment in 2005.  As noted above, the critical areas of concern

2   about plaintiff's performance existed throughout his employment as shown by the multi-year

3   annual evaluations.

4        ABF also provides a series of approximately 30 emails from June 2004 and February

5   2005, between McNabb and plaintiff, or between McNabb and his supervisors that were

6   forwarded to plaintiff setting forth plaintiff's errors, problems, and inadequate attention to detail.

7   (Defendant's Exhibits E through OO).  McNabb repeatedly expresses particular concern with

8   damage claims, trailer loading and the untimely arrival of time-sensitive shipments.  Plaintiff

9   does not suggest that these emails were anything other than reflective of his work problems.  He

10  does not contend that the damage claims attributed to his lack of oversight did not exist or that

11  the late shipments were actually timely or that trucks were loaded under the maximum capacity

12  on his shift.  Such repeated highlighted areas of concern demonstrate legitimate cause for

13  employment termination.

14       Based upon the substantial amount of evidence presented that demonstrates plaintiff was

15  not performing his essential functions competently, defendant has provided a legitimate, non-

16  discriminatory rationale for plaintiff's termination.

17                    **c.    Discriminatory motive**

18       Plaintiff contends, however, that defendant's rationale for terminating his employment is

19  a mere pretext for age discrimination.  Plaintiff relies on two comments made by McNabb to

20  plaintiff.  The first comment occurred when McNabb became plaintiff's supervisor early in

21  2004, over one year prior to plaintiff's termination.  McNabb asked about when plaintiff was

22  planning to retire.  The second comment occurred at the time of plaintiff's termination when he

23  was told the company needed someone with "more energy" which plaintiff contends is a clear

24  euphemism for "younger."  Because plaintiff's replacement arrived on the same day plaintiff

25  was terminated, Sneddon contends this also demonstrates age discrimination.[1]  Plaintiff offers no

26  other evidence suggesting discriminatory motive.

27  _____

28       [1]    Plaintiff does not explain satisfactorily why or how the arrival of a replacement on
    the same day as plaintiff's termination demonstrates age discrimination.

05cv2374

1    Isolated and "'stray' remarks are insufficient to establish discrimination" without other

2    indicia of discriminatory intent. *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1438 (9th Cir.

3    1990). "Remarks . . . when unrelated to the decisional process, are insufficient to demonstrate

4    that the employer relied on illegitimate criteria, even when such statements are made by the

5    decision-maker in issue." *Smith v. Firestone Tire & Rubber Co.*, 875 F.2d 1325, 1330 (7th Cir.

6    1989). McNabb's question about plaintiff's intended retirement date cannot be said to be tied to

7    plaintiff's termination coming, as it did, over a year prior to plaintiff's termination. The

8    comment is too remote in time to be probative. McNabb's alleged comment about plaintiff

9    being let go because ABF wanted someone with "more energy" arguably touches upon the

10   decisional process, but it is not significant because "more energy" is an ambiguous comment at

11   best. Although plaintiff believes the comment is necessarily reflective of age discrimination, it

12   is not. Taken as a whole, the comments referred to do not provide support for a finding of

13   discrimination sufficient to overcome defendant's evidence that its action was taken for a

14   legitimate, nondiscriminatory reason. Accordingly, as a matter of law, plaintiff's claim for age

15   discrimination fails on the merits.

16       **2.      Wrongful Termination in Violation of Public Policy**

17       Defendant correctly contends that if the claim for age discrimination fails, plaintiff's

18   cause of action for wrongful termination in violation of public policy fails because it is

19   derivative of plaintiff's statutory claim under Government Code § 12940. Plaintiff argues, in

20   full, that defendant's "premise is flawed due to the strength of the discrimination claim." (Opp.

21   at 11). As discussed above, however, plaintiff has neither made a *prima facie* showing for

22   finding age discrimination nor overcome defendant's evidence of a legitimate, nondiscriminatory

23   reason for plaintiff's termination under FEHA. Accordingly, plaintiff's cause of action for

24   wrongful termination in violation of public policy must also fail.

25       **3.      Breach of the Implied Contract of Continuing Employment**

26       In the absence of an agreement to the contrary, employment is presumed to be at-will. Labor

27   Code section 2922 states: "An employment, having no specified term, may be terminated at the will

28   of either party on notice to the other. Employment for a specified term means an employment for

7

05cv2374

1  a period greater than one month." Thus, "[a]n at-will employment may be ended by either party 'at

2  any time without cause,' for any or no reason . . . ." *Guz*, 24 Cal.4th at 335 [citations omitted]. But

3  as the court noted in *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 677 (1988):

4          We begin by acknowledging the fundamental principle of freedom of contract:
           employer and employee are free to agree to a contract terminable at will or subject to
5          limitations.... This [Labor Code] presumption may, however, be overcome by
           evidence that despite the absence of a specified term, the parties agreed that the
6          employer's power to terminate would be limited in some way, *e.g.*, by a requirement
           that termination be based only on 'good cause.' "
7

8  Because of the presumption of at-will employment, the burden is on plaintiff to show the existence

9  of an explicit or implied agreement changing the at-will nature of his employment. *See Guz*, 24

10 Cal.4th at 335, fn. 7.

11      Notwithstanding plaintiff's acknowledged status as an at-will employee, plaintiff argues that

12 defendant breached an implied-in-fact contract that he would only be terminated for cause. (Opp.

13 at 12). Plaintiff contends that he has raised a material issue of fact precluding summary judgment

14 on this claim because defendant's words or conduct created a contract requiring that plaintiff's at-

15 will employment would be terminated only for good cause.

16      Plaintiff asserts that a contract was created in this particular case because he was terminated

17 after a single year of an unacceptable annual performance review and without written warning that

18 his employment would be terminated if his performance did not improve.   Neither of these two

19 assertions suggest that the parties agreed to change the at-will nature of plaintiff's employment.

20 Plaintiff does not present any evidence that he was given any assurances of continued employment,

21 or defendant had policies that limited the reasons for termination, or that a time period or series of

22 unacceptable performance reviews was required prior to an employee's termination.

23      Plaintiff makes much of the poor performance reviews given to plaintiff's supervisor,

24 McNabb, over the course of three years. But McNabb and plaintiff are not similarly situated –

25 McNabb was plaintiff's supervisor.  There has been no showing that someone in plaintiff's position

26 would remain in defendant's employ given the multiple and continuing notes and comments of poor

27 performance provided to plaintiff concerning his job. Plaintiff also does not argue that he was aware

28 of McNabb's performance reviews before or at the time of his termination.  Therefore, plaintiff

05cv2374

cannot demonstrate that he relied on McNabb's performance evaluations as an assurance that his employment would be continued in the face of poor reviews and complaints about his work.

Sneddon has provided the trial court with no admissible evidence of a specific promise to rebut the at-will presumption or of anything else that in the totality of circumstances would rebut the presumption. Thus, as a matter of law, plaintiff has not overcome the presumption of at-will employment such that an implied contract was formed permitting termination only upon a showing of good cause. Defendant's motion for summary judgment will be granted on this claim.

### 4. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiff acknowledges that Sneddon's employment was at-will initially. Plaintiff contends, however, that his "at-will" employment status was changed to a contractual agreement to continue in defendant's employ absent a showing of good cause for termination. Based on this alleged implied contractual relationship, plaintiff contends that defendant has breached the implied covenant of good faith and fair dealing in terminating plaintiff's employment

As discussed above, there is no evidence supporting plaintiff's contention that an implied contract was formed based on defendant's conduct, specifically, retaining McNabb notwithstanding his alleged poor performance reviews, or any words spoken by defendant providing assurances of Sneddon's continuing employment.

In discussing an at-will employment relationship, the California Supreme Court has clearly stated that "the remedy for breach of an employment agreement, including the covenant of good faith and fair dealing implied by law therein, is solely contractual. *Guz*, 24 Cal. 4th at 351. Because there was no contractual relationship between the parties, defendant is entitled to summary judgment on plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

### 5. Government Code Section 12940(i) Claim

Plaintiff has brought a claim against defendant for failure to prevent discrimination. The Court has found no viable claim of discrimination; therefore, there can be no independent cause of action for failure to prevent discrimination under FEHA. *Trujillo v. N. County Trans. Dist.*, 63 Cal. App. 4th 280, 289, 73 Cal. Rptr. 2d 596 (1998) ("Employers should not be held liable to employees for failure to take necessary steps to prevent such conduct, except where the actions took place and

1   were not prevented.").  In that absent a showing of actionable discrimination, there can be no

2   violation of Government Code § 12940(i).  *See Northrop Grumman Corp. v. Workers' Comp.*

3   *Appeals Bd.* , 103 Cal. App. 4th 1021, 1035, 127 Cal. Rptr.2d 285 (2002).

4        The Court further notes that plaintiff has not presented any argument to defendant's motion

5   on this claim in his responsive memorandum.  It appears that plaintiff has abandoned this claim.

6        Because the Court has concluded that plaintiff has not demonstrated a viable claim of age

7   discrimination, defendant is entitled to summary judgment on plaintiff's cause of action brought

8   under Government Code § 12940(i).

9       **6.**    **Punitive Damages**

10        Under California law, punitive damages are allowed "where it is proven by clear and

11   convincing evidence that the defendant has been guilty of oppression, fraud, or malice." CAL. CIV.

12   CODE § 3294(a). "Malice" is defined as "conduct which is intended by the defendant to cause injury

13   to the plaintiff or despicable conduct which is carried on by the defendant with a willful and

14   conscious disregard of the rights or safety of others."  *Id.* § 3294(c)(1).

15        Here, there has been no evidence presented that defendant caused plaintiff any injury or was

16   guilty of oppression, fraud or malice. As set forth above, defendant's motion for summary judgment

17   on the substantive claims alleged in plaintiff's Complaint will be granted.  Accordingly, plaintiff's

18   requested relief for punitive damages must fail.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

05cv2374

**Conclusion**

Plaintiff's age discrimination claims fails because plaintiff establishes neither a *prima facie* case nor rebuts defendant's legitimate, nondiscriminatory justification for the adverse employment action.  Plaintiff has also failed to make an evidentiary showing sufficient to counter defendant's evidence concerning the claims of breach of the implied contract of continuing employment and breach of implied covenant of good faith and fair dealing.

Accordingly, **IT IS ORDERED** granting defendant's motion for summary judgment.  **IT IS FURTHER ORDERED** denying as moot defendant's motion for summary adjudication.  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: April 26, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

11

05cv2374